Ruffin, C. J.
 

 This appeal arose out of the case between these parties upon the caveat of Robert Love’s will, decided at this term. At a previous term of the Superior Court, Upon affidavit, James R; Love, one of the propounders and an executor, moved the Court for a rule on one James Gudger, who was a devisee in the will of 1842, and named an executor; to bring in the unfinished wills of the deceased, to be used as evidence for the propounders; ánd also; for another rule upon the caveators and Gudger, to show pause why Gudger’s name should hot be struck out of the record, as a propounder, upon the ground, that he was acting in collusion with’ the caveators. Both rules were refused, upon ihe ground, that the Court had not the power' to do those acts, although the presiding Judge considered the facts set forth in the affidavit to be true; but he allow* id an appeal to this Court. Before the case was brought on in this Court, the parties brought the issue on the will to’
 
 *368
 
 trial, and there was sentence for the script of 1842, propounded by the said James R. Love and others, and the other party appealed. It appeared in the latter transcript, that before the trial, Gudger withdrew from the cause, as a propounder, and took the other side, and also, that the unfinished wills were produced on the trial.
 

 The Court perceives in the record of the other case between these parties, that the appellants have thought proper to go to trial, without awaiting the decision of this Court on the interlocutory orders, from which this appeal was ab lowed; so that, in fact, the present does not, in substance, differ from a feigned case. It is not proper, therefore, to decide the questions; but we think the appeal should be dismissed with costs.
 

 Pee Curiam. Ordered accordingly.